Quinn v Parkoff Operating Corp (2019 NY Slip Op 08642)





Quinn v Parkoff Operating Corp


2019 NY Slip Op 08642


Decided on December 3, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 3, 2019

Friedman, J.P., Kapnick, Webber, Oing, Moulton, JJ.


7470 155195/17

[*1]Courtney Quinn, et al., Plaintiffs-Appellants,
v
Parkoff Operating Corp, et al., Defendants-Respondents.


Newman Ferrara LLP, New York (Roger Sachar of counsel), for appellants.
Katsky Korins LLP, New York (Adrienne B. Koch of counsel), for respondents.



Order, Supreme Court, New York County (Robert Reed, J.), entered March 19, 2018, which, to the extent appealed from as limited by the briefs, granted defendants' motion to dismiss the causes of action alleging violations of the Rent Stabilization Law on behalf of a putative class of tenants, unanimously reversed, on the law, without costs, and the motion denied.
Initially, we reject defendants' argument that the complaint fails to state a cause of action for rent overcharge claims under the Rent Stabilization Law on behalf of the named plaintiffs and that therefore none of the named plaintiffs could be "typical" representatives of the putative class asserting rent overcharge claims (see CPLR 901[a][3]).
In light of the Court of Appeals' decision in Maddicks v Big City Props., LLC (__ NY3d __, 2019 Slip Op 07519 [2019]), we find that it was premature to dismiss the class action allegations on the ground that the complaint does not adequately plead the class action prerequisites of typicality and commonality (CPLR 901[a][3],[2]). "[A] motion to dismiss should not be equated to a motion for class certification" (Maddicks, 2019 Slip Op 07519, *1). Thus, it is "premature" to dismiss "class claims based on allegations of a methodical attempt to illegally inflate rents" (id. at *2).
Like the instant plaintiffs, the tenants in Maddicks resided in several buildings owned by entities under common control, and asserted class action claims similar to the instant claims, alleging that the defendant building owners engaged in a common scheme to evade rent regulations by failing to follow the rent requirements for landlords participating in the J-51 tax incentive programs and by claiming rent increases based on individual apartment improvements that were not actually performed (id. at *1). Accordingly, as in Maddicks, defendants' motion was premature.
We have considered and find unavailing defendants' other arguments in support of dismissing the class action allegations at this early stage. We do not reach defendants' argument that the claims against certain individual plaintiffs are time-barred.
With the class action allegations reinstated, the action may not, at this point, be dismissed so that it can be adjudicated by DHCR.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 3, 2019
CLERK